A. Franklin Mahoney, J.
This article 78 proceeding seeks an order annulling the determination of the respondent Commissioner of Social Services rejecting petitioners’ alternative pay plan proffered to the Department of Social Services of the State pursuant to the provisions of section 79-a of the Social Welfare Law (as added by L. 1965, ch. 400, § 1, eff. Jan. 1, 1966). Respondents Morris Waldstreicher and Nancy Arfmann, on their own behalf and on behalf of others similarly situated as *939 social workers of the County of Westchester, and the Civil Service Employees Association, Inc. (CSEA), bargaining agents for social workers of Westchester County, were permitted to intervene and serve answers on petitioners with copies to respondent State Commissioner.
In 1966 respondent Waldstreicher and others commenced an article 78 proceeding in the nature of mandamus against the petitioners seeking to compel an increase in their pay as social workers for the County of Westchester pursuant to section 79-a of the Social Welfare Law (now Social Services Law). Section 79-a of the Social Welfare Law (repealed by L. 1971, ch. 123, eff. April 12, 1971) had as its goal the inducement of certain employees with graduate training to remain with the local welfare agency by providing that those employees with one year of graduate training should be paid salaries 10% over the salaries paid to employees without such training and those with two years graduate training should be paid at least 20% more than like employees lacking in such training. The bill provisions of section 79-a of the Social Welfare Law contained machinery for approval by the State Department of Social Welfare (now Social Services) of an alternative county plan to achieve the same objective, that of encouraging graduate trained social workers to remain in county service. Respondent Waldstreicher et al. were successful in that application and Special Term, Supreme Court, Westchester County, rendered an opinion upon which an order and judgment were entered on November 27, 1967. The respondents in that case, including petitioners herein, appealed from that order and judgment to the Appellate Division, Second Department, which court, on November 17, 1969, affirmed the lower court; on application from the same respondents the Appellate Division granted reargument and, on March 30, 1970, amended its prior order so as to permit respondents (petitioners herein) to file an alternate plan of payment to social workers with the requisite training specific in section 79-a of the Social Welfare Law within 60 days after date of entry of amended judgment. The amended judgment also directed that the question of whether any such alternate plan should be effective retroactively, and, if so, as of what date, should be determined by the State Department of Social Services if and when the county should submit such a plan for approval. (Matter of Waldstreicher v. Michaelian, 34 A D 2d 575.)
At this juncture it is necessary to pause in the recitation of background to note that Waldstreicher et al. (interveners) took an appeal to the Court of Appeals from that part of the order and judgment of the Appellate Division’s modified order that *940 directed the issue of retroactivity to be determined by the State Department of Social Services. No appeal was taken from that part of the order and judgment that affirmed the finding of Special Term that Waldstreicher and his fellow social workers were entitled to increased salaries. Neither the petitioners herein nor the respondent State Commissioner took an appeal from any part of the Appellate Division’s amended order and judgment of March 30, 1970. This raises the question of whether petitioners, having had a full and fair opportunity to contest the issue of increased salary entitlement by qualified social workers of Westchester County at both Special Term and in the Appellate Division and, further, there being an identity of issues in both courts and no appeal having been taken from the judgment of the Appellate Division with respect to such salary increases, should now be collaterally estopped from challenging anew that issue since it failed to furnish for State approval an alternate plan within 60 days, as directed by the Appellate Division, and the plan it did submit on October 2, 1970 was rejected. The resolution of this conundrum requires an exact statement of the issues fairly and fully litigated. At Special Term the questions of the constitutionality of section 79-a of the Social Welfare Law, the increased salary increments and the viableness of a county alternate incentive plan were litigated. The petitioners lost on all questions, Special Term deciding that the statute was constitutional, that the qualified workers were entitled to salary increases and that the county alternate plan was unsatisfactory. After appeal the Appellate Division, Second Department, on consent, modified the judgment of Special Term by providing that the county could submit for approval to the State another plan within 60 days after entry of its order, and, in all other respects affirmed the judgment of Special Term. After granting reargument the same Appellate Division struck the words “ on consent ” from its original order and added that the question of retroactivity of any alternate pay plan would be decided by the State Department of Social Services if and when any alternate plan was submitted and approved. An appeal to the Court of Appeals was taken by the intervenors only as to this last directive. Therefore, as to the issues of statute constitutionality and qualified employee entitlement to increased pay, there can be no question that petitioners are estopped from mounting a challenge. (Schwartz v. Public Administrator, 24 N Y 2d 65.) Respondent State Commissioner’s and intervenors’ contention that estoppel should also operate to preclude the petitioners from offering any alternate plan since it failed to comply with the 60-day directive of the *941 Appellate Division is unacceptable. Estoppel is intended to foreclose repetitive suits of identical issues. In the matter at hand failure to comply with a time limitation is not so decisive that it can be likened to a directive that petitioners cannot file a plan. There may be many reasons, including the time consumed by reargument of the first order of the Appellate Division, that would excuse the tardy offer. In any event, the handy tool of estoppel should never be applied to technicalities but reserved for those instances where application is decisive of the merits of the question sought to be relitigated. It should also be said at this point that repeal of section 79-a of the Social Welfare Law is of no consequence in this case. Both the petitioners and intervenors acquired rights under the old law that cannot be disturbed by repeal of that statute. (General Construction Law, §§ 93, 94.)
The sole issue, then, is whether the rejection by respondent Commissioner of Social Services of the petitioners’ alternate pay plan submitted on October 2, 1970 was so freighted with unreasonableness, arbitrariness or illegality as to require judicial annulment.
In deciding this question it must be remembered that the purpose and goal of former section 79-a of the Social Welfare Law was to provide a plan, particularly with respect to salaries paid to college trained personnel, that would enable local social services districts to retain such employees. Next, since the statute itself provided 10% and 20% increments to qualified employees with one and two years ’ employment and then further provided for submission by counties of alternate plans, it must be concluded that the statutory percentage increases were the mínimums intended to be offered employees. It is against this background of statutory purpose and salary standards that petitioners’ alternate proposal must be weighed.
As set forth in Commissioner Wyman’s letter to petitioners, dated March 31, 1971, the alternate plan was rejected because the State found it not competitive with the incentives being paid by the area Counties of Nassau, Suffolk and Rockland, and, in that respect not responsive to the purposes of the legislation, the retention of social workers in Westchester County. Further, the State Commissioner expressed the view that if Westchester County were to be competitive its proposed plan could not provide for incentive payments of less than the increments provided for in section 79-a of the Social Welfare Law. A study of the October 2, 1970 alternate plan reveals a starting point of $300 additional pay for employees with one-year graduate training and $600 for employees with two years of such training. There *942 after, each employee’s pay is increased by an amount in keeping with the over-all salary plan of the county for all employees. Clearly, such a plan is inadequate since it might discriminate between employees with one or two years’ graduate training but who are not receiving the same salary. Further, the over-all salary plan for all county employees is'irrelevant; section 79-a of the Social Welfare Law had as its purpose increased salary payments to social welfare employees only. To dilute the incentive payments by averaging in the salaries of workers not so employed would defeat the legislative goal of inducing graduate trained employees to remain with the county.
In my view, the respondent Commissioner of Social Services did not act arbitrarily, capriciously or illegally in rejecting the petitioners’ alternate pay plan of October 2, 1970.
Finally, since no alternate plan was approved, the issue of retroactivity is moot.
Petition is dismissed.