■     In the Matter of LOUIS P. KURTIS, as Commissioner of Social Services of the County of Westchester, et al., Appellants, v. GEORGE K. WYMAN, as Commissioner of Social Services of the State of New York, Respondent, and MORRIS WALDSTREICHER et al., Intervenors-Respondents.— Appeal from a judgment of the Supreme Court at Special Term, entered October 29, 1971 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to annul a determination of the Commissioner of Social Services of the State of New York. Appellants contend that the determination of the respondent State Commissioner of Social Services rejecting a plan for incentive payments to case workers and other social services personnel submitted by appellants in conformity with the provisions of former section 79-a of the Social Services Law was arbitrary and capricious or an abuse of his discretion. From this record, it seems clear that it was not. The statute in question was in effect from January 1, 1966 until April 12, 1971 and provided for percentage increases in salary for those having graduate training, its avowed purpose being to render stability of employment among case workers and other social service personnel. The enacting statute provided that the percentage increases were not an exclusive method, but that an alternate plan could be submitted by a local welfare department and become an operative plan if the State Department of Social Services had determined it " *is satisfactory to achieve the objective of such section*". (L. 1965, ch. 400, § 2.) (Italics added.) Appellants submitted a plan on November 3, 1965 which was not adopted. A local area director of respondent Commissioner suggested an alternate proposal. Litigation instituted by intervenors-respondents ensued with concomitant delay, including appeals and controversy over other issues not germane to the subject of this appeal. As a result of that litigation, however, appellants were granted the right to submit an acceptable alternative plan within a specified time limitation. On October 2, 1970 such a plan was submitted by appellant and contained, among other things, the general scheme proposed by the area director upon rejection of the original plan of November 3, 1965. The basis for the Commissioner's rejection of the October 2, 1970 alternative plan is set forth in the opinion of the court below, which states in part (67 Misc 2d 938, 941–942) : " the alternate plan was rejected because the State found it not competitive with the incentives being paid by the area Counties of Nassau, Suffolk and Rockland, and, in that respect not responsive to the purposes of the legislation, the retention of social workers in Westchester County. * * * A study of the October 2, 1970 alternate plan reveals a starting point of $300 additional pay for employees with one-year graduate training and $600 for employees with two years of such training. Thereafter, each employee's pay is increased by an amount in keeping with the overall salary plan of the county for all employees. Clearly, such a plan is inadequate since it might discriminate between employees with one or two years' graduate training but who are not receiving the same salary. Further, the over-all salary plan for all county employees is irrelevant; section

79-a of the Social Welfare Law had as its purpose increased salary payments to social welfare employees only. To dilute the incentive payments by averaging in the salaries of workers not so employed would defeat the legislative goal of inducing graduate trained employees to remain with the county." Since the statute vested the Commissioner with broad discretionary powers and this record reveals support for the reasons set forth above, the conclusion arrived at was proper (*Matter of Stracquadanio* v. *Department of Health,* 285 N. Y. 93). Appellants have not met the heavy burden imposed upon them to obtain the relief they seek. (*Matter of Herms* v. *New York State Liq. Auth.,* 35 A D 2d 833; *Matter of Rose Garden Rest. Corp.* v. *Hostetter,* 32 A D 2d 301.) Judgment affirmed, without costs. Herlihy, P. J., Greenblott, Cooke, Kane and Main, JJ., concur. [67 Misc 2d 938.]